**JURY INSTRUCTION NUMBER 1**

RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE ___6___,___28___,___05___
BY _____

03-0765

Abner
v Kansas City
So Ry Co.

MEMBERS OF THE JURY:

YOU HAVE NOW HEARD ALL OF THE EVIDENCE IN THIS CASE AS WELL AS THE FINAL ARGUMENTS OF THE LAWYERS FOR THE PARTIES. IT BECOMES MY DUTY, THEREFORE, TO INSTRUCT YOU ON THE RULES OF LAW THAT YOU MUST FOLLOW AND APPLY IN ARRIVING AT YOUR DECISION IN THIS CASE.

AS I TOLD YOU LAST WEEK, IN ANY JURY TRIAL THERE ARE, IN EFFECT, TWO JUDGES: I AM ONE OF THE JUDGES; THE OTHER IS THE JURY. IT IS <u>MY</u> DUTY TO PRESIDE OVER THE TRIAL AND TO DETERMINE WHAT TESTIMONY AND EVIDENCE IS RELEVANT UNDER THE LAW FOR YOUR CONSIDERATION. IT IS ALSO MY DUTY AT THE END OF TRIAL TO INSTRUCT YOU ON THE LAW APPLICABLE TO THE CASE.

IT IS <u>YOUR</u> DUTY TO FOLLOW THE LAW AS I GIVE IT TO YOU. YOU ARE TO APPLY THE LAW TO THE FACTS AS YOU FIND THEM FROM THE EVIDENCE IN THIS CASE. YOU, THE JURY, ARE THE JUDGES OF THE FACTS. YOU ARE NOT TO SINGLE OUT ANY ONE INSTRUCTION ALONE AS STATING THE LAW, BUT MUST CONSIDER THE INSTRUCTIONS AS A

WHOLE. DO <u>NOT</u> CONSIDER ANY STATEMENT THAT I HAVE MADE OR ANY QUESTION I MAY HAVE ASKED A WITNESS AS AN INDICATION THAT I HAVE <u>ANY</u> OPINION ABOUT THE FACTS OF THIS CASE OR ABOUT THE OUTCOME. AGAIN - THAT IS YOUR JOB.

REGARDLESS OF ANY OPINION YOU MAY HAVE AS TO WHAT THE LAW IS OR OUGHT TO BE, IT WOULD BE A VIOLATION OF YOUR SWORN DUTY TO BASE A VERDICT UPON ANY VIEW OF THE LAW OTHER THAN THAT GIVEN IN THESE INSTRUCTIONS. IT WOULD ALSO BE A VIOLATION OF YOUR SWORN DUTY, AS JUDGES OF THE FACTS, TO BASE A VERDICT UPON ANYTHING OTHER THAN THE EVIDENCE ADMITTED IN THIS CASE.

IN DECIDING THE FACTS OF THIS CASE, YOU MUST NOT BE SWAYED BY BIAS OR PREJUDICE OR FAVOR AS TO ANY PARTY. OUR SYSTEM OF LAW DOES NOT PERMIT JURORS TO BE GOVERNED BY PREJUDICE OR SYMPATHY OR PUBLIC OPINION. BOTH THE PARTIES AND THE PUBLIC EXPECT THAT YOU WILL CAREFULLY AND IMPARTIALLY CONSIDER ALL OF THE EVIDENCE IN THE CASE, FOLLOW THE LAW AS STATED BY THE COURT, AND REACH A JUST VERDICT.

**JURY INSTRUCTION NUMBER 2**

AS STATED EARLIER, IT IS YOUR DUTY TO DETERMINE THE FACTS, AND IN DOING SO YOU MUST CONSIDER ONLY THE EVIDENCE I HAVE ADMITTED IN THIS CASE. THE TERM "EVIDENCE" INCLUDES THE SWORN TESTIMONY OF THE WITNESSES, THE STIPULATIONS OF THE PARTIES, AND THE EXHIBITS ADMITTED IN THE RECORD. NOW, I HAVE SAID THAT YOU MUST CONSIDER ALL OF THE EVIDENCE. THIS DOES NOT MEAN, HOWEVER, THAT YOU MUST ACCEPT ALL OF THE EVIDENCE AS TRUE OR ACCURATE.

THERE ARE TWO TYPES OF EVIDENCE THAT YOU MAY CONSIDER IN PROPERLY FINDING THE TRUTH AS TO THE FACTS IN THIS CASE. ONE IS DIRECT EVIDENCE -- SUCH AS THE TESTIMONY OF AN EYEWITNESS. THE OTHER IS INDIRECT OR CIRCUMSTANTIAL EVIDENCE -- THE PROOF OF A CHAIN OF CIRCUMSTANCES THAT INDICATES THE EXISTENCE OR NONEXISTENCE OF CERTAIN OTHER FACTS. AS A GENERAL RULE, THE LAW MAKES NO DISTINCTION BETWEEN DIRECT AND CIRCUMSTANTIAL EVIDENCE, BUT SIMPLY REQUIRES THAT YOU FIND THE FACTS FROM A PREPONDERANCE OF ALL THE EVIDENCE, BOTH DIRECT AND

CIRCUMSTANTIAL.

REMEMBER THAT ANY STATEMENTS, OBJECTIONS OR ARGUMENTS MADE BY THE LAWYERS ARE NOT EVIDENCE. THE FUNCTION OF THE LAWYERS IS TO POINT OUT THOSE THINGS THAT ARE MOST SIGNIFICANT OR MOST HELPFUL TO THEIR SIDE OF THE CASE. HOWEVER, IT IS YOUR OWN RECOLLECTION AND INTERPRETATION OF THE EVIDENCE THAT CONTROLS IN THE CASE. WHAT THE LAWYERS SAY IS NOT BINDING UPON YOU.

IN DETERMINING THE WEIGHT TO GIVE THE TESTIMONY OF A WITNESS, YOU SHOULD ASK YOURSELF WHETHER THERE WAS EVIDENCE TENDING TO PROVE THAT THE WITNESS TESTIFIED FALSELY CONCERNING SOME IMPORTANT FACT, OR WHETHER THERE WAS EVIDENCE THAT AT SOME OTHER TIME THE WITNESS SAID OR DID SOMETHING, OR FAILED TO SAY OR DO SOMETHING, THAT WAS DIFFERENT FROM THE TESTIMONY THE WITNESS GAVE BEFORE YOU DURING TRIAL.

YOU SHOULD KEEP IN MIND, OF COURSE, THAT A SIMPLE MISTAKE BY A WITNESS DOES NOT NECESSARILY MEAN THAT THE WITNESS WAS NOT TELLING THE TRUTH AS HE OR SHE REMEMBERS IT, BECAUSE PEOPLE MAY FORGET SOME THINGS OR REMEMBER OTHER THINGS

INACCURATELY. SO, IF A WITNESS HAS MADE A MISSTATEMENT, YOU NEED TO CONSIDER WHETHER THAT MISSTATEMENT WAS AN INTENTIONAL FALSEHOOD OR SIMPLY AN INNOCENT LAPSE OF MEMORY; AND THE SIGNIFICANCE OF THAT MAY DEPEND ON WHETHER IT HAS TO DO WITH AN IMPORTANT FACT OR ONLY AN UNIMPORTANT DETAIL.

**JURY INSTRUCTION NUMBER 3**

ANY NOTES THAT YOU HAVE TAKEN DURING THIS TRIAL ARE ONLY AIDS TO YOUR MEMORY. IF YOUR MEMORY DIFFERS FROM YOUR NOTES, YOU SHOULD RELY ON YOUR MEMORY AND NOT THE NOTES. THE NOTES ARE NOT EVIDENCE. IF YOU HAVE NOT TAKEN NOTES, YOU SHOULD RELY ON YOUR INDEPENDENT RECOLLECTION OF THE EVIDENCE AND SHOULD NOT BE UNDULY INFLUENCED BY THE NOTES OF OTHER JURORS. NOTES ARE NOT ENTITLED TO ANY GREATER WEIGHT THAN THE RECOLLECTION OR IMPRESSION OF EACH JUROR ABOUT THE TESTIMONY.

**JURY INSTRUCTION NUMBER 4**

THIS CASE MUST BE CONSIDERED AND DECIDED BY YOU AS AN ACTION BETWEEN PERSONS OF EQUAL STANDING IN THE COMMUNITY, OF EQUAL WORTH, AND HOLDING THE SAME OR SIMILAR STATIONS IN LIFE. THE LAW IS NO RESPECTER OF PERSONS, AND ALL PERSONS STAND EQUAL BEFORE THE LAW, AND ARE TO BE DEALT WITH AS EQUALS IN A COURT OF JUSTICE.

YOU WILL REMEMBER, DURING YOUR SELECTION, MY KEY WORDS WERE "FAIR AND IMPARTIAL". THE PARTIES HAVE A RIGHT TO EXPECT YOU FAIRLY AND IMPARTIALLY TO CONSIDER THEIR EVIDENCE AND APPLY THE LAW TO THE FACTS AS YOU FIND THEM--ALL WITHOUT BIAS OR PREJUDICE TOWARD EITHER SIDE. A CORPORATION LIKE KCS AND EACH OF THE EIGHT PLAINTIFFS ARE EQUAL BEFORE THE LAW AND MUST BE TREATED AS EQUALS IN A COURT OF JUSTICE.

## JURY INSTRUCTION NUMBER 5

IN THIS CASE, EACH OF THE PLAINTIFFS MUST PROVE EVERY ESSENTIAL PART OF HIS CLAIMS BY A PREPONDERANCE OF THE EVIDENCE. A PREPONDERANCE OF THE EVIDENCE SIMPLY MEANS EVIDENCE THAT PERSUADES YOU THAT THE PLAINTIFF'S CLAIMS ARE MORE LIKELY TRUE THAN NOT TRUE. IN DECIDING WHETHER ANY FACT HAS BEEN PROVEN BY A PREPONDERANCE OF THE EVIDENCE, YOU MAY, UNLESS OTHERWISE INSTRUCTED, CONSIDER THE TESTIMONY OF ALL WITNESSES, REGARDLESS OF WHO MAY HAVE CALLED THEM, AND ALL EXHIBITS RECEIVED IN EVIDENCE, REGARDLESS OF WHO MAY HAVE PRODUCED THEM. IF THE PROOF FAILS TO ESTABLISH ANY ESSENTIAL PART OF EACH OF THE PLAINTIFF'S CLAIMS BY A PREPONDERANCE OF THE EVIDENCE, YOU SHOULD FIND FOR KCS AS TO THAT PLAINTIFF'S CLAIMS.

WHEN YOU RETIRE TO DELIBERATE YOU WILL BE REQUIRED TO DECIDE EIGHT SEPARATE LAWSUITS. EACH PLAINTIFF'S CLAIM MUST BE CONSIDERED SEPARATELY FROM THE CLAIMS OF THE OTHERS. A FINDING IN FAVOR OF OR AGAINST ONE PLAINTIFF SHOULD NOT AFFECT YOUR DECISION AS TO ANY ONE OF THE OTHER PLAINTIFFS' CLAIMS. WHEN WE

GET TO THE END OF THESE INSTRUCTIONS YOU WILL FIND EIGHT SEPARATE VERDICT FORMS TO AID YOU IN DECIDING EACH CASE.

**JURY INSTRUCTION NUMBER 6**

## L I A B I L I T Y

EACH OF THE PLAINTIFFS CONTENDS THAT HE WAS SUBJECTED TO A HOSTILE WORK ENVIRONMENT BASED UPON HIS RACE AND THAT KCS IS LIABLE FOR THE HARASSING CONDUCT.  KCS DENIES THE PLAINTIFFS' CLAIMS.

IT IS UNLAWFUL FOR AN EMPLOYER TO DISCRIMINATE AGAINST AN EMPLOYEE BECAUSE OF THE EMPLOYEE'S RACE. RACIAL DISCRIMINATION INCLUDES HARASSMENT BASED UPON RACE.

IN ORDER FOR KCS TO BE FOUND TO BE LIABLE THE CONDUCT COMPLAINED OF MUST HAVE BEEN SUFFICIENTLY SEVERE OR PERVASIVE TO ALTER THE TERMS OR CONDITIONS OF THAT PLAINTIFF'S EMPLOYMENT AND TO HAVE CREATED A HOSTILE OR ABUSIVE WORK ENVIRONMENT.  TO DETERMINE WHETHER THE CONDUCT IN THIS CASE ROSE TO A LEVEL THAT ALTERED THE TERMS OR CONDITIONS OF EACH OF THE PLAINTIFF'S EMPLOYMENT, YOU SHOULD CONSIDER ALL OF THE CIRCUMSTANCES, INCLUDING:

(1) THE FREQUENCY OF THE CONDUCT;

(2) ITS SEVERITY;

(3) WHETHER THE CONDUCT WAS PHYSICALLY THREATENING OR HUMILIATING, OR WAS A MERE OFFENSIVE UTTERANCE; AND

(4) WHETHER IT UNREASONABLY INTERFERED WITH THAT PLAINTIFF'S WORK PERFORMANCE.

THERE IS NO REQUIREMENT THAT THE CONDUCT RESULT IN PSYCHOLOGICAL DAMAGE TO THE PLAINTIFFS.

SIMPLE TEASING, OFFHAND COMMENTS, SPORADIC USE OF OFFENSIVE LANGUAGE, RACE-RELATED JOKES, AND ISOLATED INCIDENTS (UNLESS EXTREMELY SERIOUS) WILL NOT AMOUNT TO DISCRIMINATORY CHANGES IN THE TERMS OR CONDITIONS OF EMPLOYMENT. THE CONDUCT MUST BE EXTREME. HOWEVER, A WORKPLACE FILLED WITH DISCRIMINATORY INTIMIDATION, RIDICULE, AND INSULT MAY BE SUFFICIENTLY EXTREME TO ALTER THE TERMS AND CONDITIONS OF EMPLOYMENT.

A HOSTILE WORK ENVIRONMENT CLAIM MAY CONSIST OF A SERIES OF SEPARATE ACTS THAT COLLECTIVELY CONSTITUTE ONE UNLAWFUL EMPLOYMENT PRACTICE. FOR EXAMPLE, GRAFFITI AND RACIAL EPITHETS NEED NOT BE DIRECTED AT A PLAINTIFF IN ORDER TO BE RELEVANT TO

A HOSTILE WORK ENVIRONMENT. THE MERE FACT THAT A PLAINTIFF WAS NOT PRESENT WHEN A RACIALLY DEROGATORY REMARK WAS MADE DOES NOT RENDER SUCH EVIDENCE IRRELEVANT TO A HOSTILE WORK ENVIRONMENT CLAIM; THE FACT THAT A PLAINTIFF LEARNS SECONDHAND OF A RACIALLY DEROGATORY COMMENT OR JOKE BY A FELLOW EMPLOYEE OR SUPERVISOR ALSO CAN IMPACT THE WORK ENVIRONMENT. THE CRUCIAL INQUIRY FOCUSES ON THE NATURE OF THE WORKPLACE ENVIRONMENT AS A WHOLE.

IN DETERMINING WHETHER A HOSTILE WORK ENVIRONMENT EXISTED IN THIS CASE, YOU MUST CONSIDER THE EVIDENCE FROM THE PERSPECTIVE OF A REASONABLE PERSON. THIS MEANS THAT YOU MUST LOOK AT THE EVIDENCE FROM THE PERSPECTIVE OF A REASONABLE PERSON'S REACTION TO A SIMILAR ENVIRONMENT UNDER SIMILAR CIRCUMSTANCES. YOU CANNOT VIEW THE EVIDENCE FROM THE PERSPECTIVE OF AN OVERLY SENSITIVE PERSON, NOR CAN YOU VIEW THE EVIDENCE FROM THE PERSPECTIVE OF SOMEONE WHO IS NEVER OFFENDED. RATHER, THE ALLEGED HARASSING BEHAVIOR MUST BE SUCH THAT A REASONABLE PERSON IN THE SAME OR SIMILAR CIRCUMSTANCES AS THE PLAINTIFFS WOULD FIND THE CONDUCT OFFENSIVE.

IF YOU DO FIND THAT A PARTICULAR PLAINTIFF WAS SUBJECTED TO RACIAL HARASSMENT AS DESCRIBED IN THESE INSTRUCTIONS, THEN YOU MUST FIND FOR THAT PLAINTIFF UNLESS KCS HAS PROVED BY A PREPONDERANCE OF THE EVIDENCE BOTH THAT:

(A) IT EXERCISED REASONABLE CARE TO PREVENT AND CORRECT PROMPTLY ANY RACIALLY HARASSING BEHAVIOR,

**AND**

(B) THAT THE PLAINTIFF UNREASONABLY FAILED TO TAKE ADVANTAGE OF PREVENTATIVE OR CORRECTIVE OPPORTUNITIES PROVIDED BY KCS OR TO OTHERWISE AVOID HARM.

IF KCS PROVES BOTH A AND B AS TO ANY PLAINTIFF, THEN YOU MUST FIND FOR KCS AS TO THAT PLAINTIFF. I REPEAT, FOR EMPHASIS: YOU ARE TO DECIDE EIGHT SEPARATE LAWSUITS.

**JURY INSTRUCTION NUMBER 7**

YOU SHOULD NOT RETURN A VERDICT FOR ANY OF THE PLAINTIFFS JUST BECAUSE YOU MIGHT DISAGREE WITH KCS'S EMPLOYMENT DECISIONS. IN FACT, AN EMPLOYER HAS A RIGHT AND A DUTY TO MAKE SUBJECTIVE PERSONNEL DECISIONS FOR ANY REASON THAT IS NOT DISCRIMINATORY. THIS IS PART OF THE EMPLOYER'S LEGITIMATE BUSINESS NEED AND IS TO BE RESPECTED.

**JURY INSTRUCTION NUMBER 8**

IN THE RAILWAY INDUSTRY, MANY EMPLOYMENT MATTERS ARE COVERED BY THE COLLECTIVE BARGAINING AGREEMENTS AND UNION GRIEVANCE PROCEDURES. THESE COLLECTIVE BARGAINING MECHANISMS ARE OFTEN CONSIDERED THE LAW OF THE WORKPLACE. IN THIS CASE, IF YOU DETERMINE THAT THESE GRIEVANCE PROCEDURES APPLIED TO THE INCIDENTS COMPLAINED OF, YOU SHOULD CONSIDER THE IMPORTANCE OF THE COLLECTIVE BARGAINING AGREEMENT AND THE UNION GRIEVANCE PROCEDURES IN PLACE AT KCS.

JURY INSTRUCTION NUMBER 9

## D A M A G E S

IF A PLAINTIFF HAS PROVEN HIS CLAIM AGAINST KCS BY A PREPONDERANCE OF THE EVIDENCE IN ACCORDANCE WITH THE PREVIOUS INSTRUCTIONS, THEN YOU MUST DETERMINE THE DAMAGES TO WHICH HE IS ENTITLED. YOU SHOULD <u>NOT</u> INTERPRET THE FACT THAT I AM GIVING YOU THESE INSTRUCTIONS ON DAMAGES AS AN INDICATION IN ANY WAY THAT I BELIEVE THAT ANY OF THE PLAINTIFFS SHOULD, OR SHOULD NOT, WIN HIS CASE. IT IS <u>YOUR</u> TASK FIRST TO DECIDE WHETHER KCS IS LIABLE. I AM INSTRUCTING YOU ON DAMAGES ONLY SO THAT YOU WILL HAVE GUIDANCE IN THE EVENT YOU DECIDE THAT KCS IS LIABLE AND THAT A PLAINTIFF IS ENTITLED TO RECOVER MONEY DAMAGES.

JURY INSTRUCTION NUMBER 10

## COMPENSATORY DAMAGES

IF YOU FIND THAT THERE WAS A HOSTILE WORK ENVIRONMENT AS SET OUT IN INSTRUCTION NUMBER 6, AS TO A PLAINTIFF, THEN KCS IS LIABLE TO THAT PLAINTIFF. YOU MUST THEN DETERMINE AN AMOUNT THAT IS FAIR COMPENSATION FOR THAT PLAINTIFF'S DAMAGES. THESE DAMAGES ARE CALLED COMPENSATORY DAMAGES. THE PURPOSE OF COMPENSATORY DAMAGES IS TO MAKE THE PLAINTIFF WHOLE – THAT IS, TO COMPENSATE THE PLAINTIFF FOR THE DAMAGES THAT YOU FIND HE HAS SUFFERED.

ANY COMPENSATORY DAMAGES THAT YOU AWARD MUST BE FAIR COMPENSATION FOR ALL OF THAT PLAINTIFF'S DAMAGES, NO MORE AND NO LESS. YOU SHOULD NOT AWARD DAMAGES FOR SPECULATIVE INJURIES, BUT ONLY FOR THOSE INJURIES WHICH THAT PLAINTIFF HAS ACTUALLY SUFFERED.

YOU MAY AWARD DAMAGES FOR ANY EMOTIONAL SUFFERING OR ANGUISH WHICH A PLAINTIFF HAS EXPERIENCED IN THE PAST OR WILL EXPERIENCE IN THE FUTURE AS A RESULT OF HIS HAVING BEEN SUBJECTED TO A HOSTILE WORK ENVIRONMENT. THERE IS NO

STANDARD TO BE APPLIED IN AWARDING DAMAGES FOR EMOTIONAL OR MENTAL ANGUISH. ANY AWARD YOU MAKE SHOULD BE FAIR IN LIGHT OF THE EVIDENCE PRESENTED AT TRIAL.

IF YOU DECIDE TO AWARD COMPENSATORY DAMAGES, YOU SHOULD BE GUIDED BY DISPASSIONATE COMMON SENSE. COMPUTING DAMAGES MAY BE DIFFICULT, BUT YOU MUST NOT LET THAT DIFFICULTY LEAD YOU TO ENGAGE IN ARBITRARY GUESSWORK. ON THE OTHER HAND, THE LAW DOES NOT REQUIRE THAT A PLAINTIFF PROVE THE AMOUNT OF HIS LOSSES WITH MATHEMATICAL PRECISION, BUT ONLY WITH AS MUCH DEFINITENESS AND ACCURACY AS THE CIRCUMSTANCES PERMIT.

YOU MUST USE SOUND DISCRETION IN FIXING AN AWARD OF DAMAGES, DRAWING REASONABLE INFERENCES WHERE YOU FIND THEM APPROPRIATE FROM THE FACTS AND CIRCUMSTANCES IN EVIDENCE.

ANY COMPENSATORY DAMAGES AWARDED TO THE PLAINTIFFS WILL BE SUBJECT TO INCOME TAX.

**JURY INSTRUCTION NUMBER 11**

## PUNITIVE DAMAGES

IF YOU FIND THAT KCS IS LIABLE FOR A PLAINTIFF'S INJURIES, YOU MUST AWARD THAT PLAINTIFF THE COMPENSATORY DAMAGES THAT HE HAS PROVEN.  YOU ALSO MAY AWARD PUNITIVE DAMAGES, IF THAT PLAINTIFF HAS PROVED THAT KCS ACTED WITH MALICE OR WILLFULNESS OR WITH CALLOUS AND RECKLESS INDIFFERENCE TO THE RIGHTS OF THE PLAINTIFFS TO BE FREE FROM DISCRIMINATION BASED UPON RACE.  ONE ACTS WILLFULLY OR WITH RECKLESS INDIFFERENCE TO THE RIGHTS OF OTHERS WHEN HE ACTS IN DISREGARD OF A HIGH AND EXCESSIVE DEGREE OF DANGER ABOUT WHICH HE KNOWS OR WHICH WOULD BE APPARENT TO A REASONABLE PERSON IN HIS POSITION.

IF YOU DETERMINE THAT KCS'S CONDUCT WAS SO SHOCKING AND OFFENSIVE AS TO JUSTIFY AN AWARD OF PUNITIVE DAMAGES, YOU MAY EXERCISE YOUR DISCRETION TO AWARD THOSE DAMAGES.  IN MAKING ANY AWARD OF PUNITIVE DAMAGES, YOU SHOULD CONSIDER THAT THE PURPOSE OF PUNITIVE DAMAGES IS TO PUNISH A DEFENDANT FOR SHOCKING CONDUCT, AND TO DETER THE DEFENDANT AND OTHERS FROM ENGAGING IN SIMILAR CONDUCT IN THE FUTURE.

THE LAW DOES NOT REQUIRE YOU TO AWARD PUNITIVE DAMAGES. HOWEVER, IF YOU DECIDE TO AWARD PUNITIVE DAMAGES, YOU MUST USE SOUND REASON IN SETTING THE AMOUNT OF THE DAMAGES. THE AMOUNT OF AN AWARD OF PUNITIVE DAMAGES MUST NOT REFLECT BIAS, PREJUDICE, OR SYMPATHY TOWARD ANY PARTY. IT SHOULD BE PRESUMED A PLAINTIFF HAS BEEN MADE WHOLE BY COMPENSATORY DAMAGES, SO PUNITIVE DAMAGES SHOULD BE AWARDED ONLY IF THE DEFENDANT'S MISCONDUCT, AFTER HAVING PAID COMPENSATORY DAMAGES, IS SO REPREHENSIBLE AS TO WARRANT THE IMPOSITION OF FURTHER SANCTIONS TO ACHIEVE PUNISHMENT OR DETERRENCE. YOU MAY CONSIDER THE FINANCIAL RESOURCES OF THE DEFENDANT IN FIXING THE AMOUNT OF PUNITIVE DAMAGES.

KCS IS ONLY LIABLE FOR PUNITIVE DAMAGES IN THIS CASE IF THE ACTS OF HARASSMENT WERE COMMITTED BY A SUPERVISORY EMPLOYEE WITH IMMEDIATE, OR SUCCESSIVELY HIGHER AUTHORITY OVER THE PLAINTIFF, AND THAT CONDUCT WAS CONTRARY TO KCS'S GOOD FAITH EFFORT TO COMPLY WITH THE LAW.

IN ORDER TO DETERMINE IF KCS MADE A GOOD FAITH EFFORT IN THIS CASE, YOU MAY CONSIDER WHETHER KCS HAD POLICIES FORBIDDING DISCRIMINATION AND HARASSMENT, GAVE TRAINING TO

EMPLOYEES ABOUT ANTI-DISCRIMINATION AND ANTI-HARASSMENT, ESTABLISHED A PROCEDURE FOR DISCRIMINATION OR HARASSMENT COMPLAINTS, OR CONDUCTED A THOROUGH INVESTIGATION OF EMPLOYEES' COMPLAINTS TO CORRECT AND PREVENT FUTURE INCIDENTS.

ANY PUNITIVE DAMAGES AWARDED TO THE PLAINTIFFS WILL BE SUBJECT TO INCOME TAX.

## JURY INSTRUCTION NUMBER 12

YOUR VERDICT MUST REPRESENT THE CONSIDERED JUDGMENT OF EACH JUROR. IN ORDER TO RETURN A VERDICT, IT IS NECESSARY THAT EACH JUROR AGREE THERETO. IN OTHER WORDS, YOUR VERDICT MUST BE UNANIMOUS.

IT IS YOUR SWORN DUTY AS JURORS TO CONSULT WITH ONE ANOTHER AND TO DELIBERATE WITH A VIEW TOWARD REACHING AN AGREEMENT IF YOU CAN DO SO WITHOUT VIOLENCE TO INDIVIDUAL JUDGMENT. EACH OF YOU MUST DECIDE THE CASE FOR YOURSELF, BUT ONLY AFTER AN IMPARTIAL CONSIDERATION OF ALL THE EVIDENCE IN THE CASE WITH YOUR FELLOW JURORS. IN THE COURSE OF YOUR DELIBERATIONS, DO NOT HESITATE TO RE-EXAMINE YOUR OWN VIEWS, AND CHANGE YOUR OPINION, IF CONVINCED THAT IT IS ERRONEOUS. HOWEVER, DO NOT SURRENDER YOUR HONEST CONVICTION AS TO THE WEIGHT OR THE EFFECT OF THE EVIDENCE, SOLELY BECAUSE OF THE OPINION OF YOUR FELLOW JURORS, OR FOR THE MERE PURPOSE OF RETURNING A VERDICT.

REMEMBER AT ALL TIMES THAT YOU ARE NOT PARTISANS. YOU ARE JUDGES -- JUDGES OF THE FACTS. YOUR SOLE INTEREST IS TO SEEK THE TRUTH FROM THE EVIDENCE IN THE CASE.

**JURY INSTRUCTION NUMBER 13**

WHEN YOU RETIRE TO THE JURY ROOM TO DELIBERATE, YOU MAY TAKE WITH YOU THESE CHARGES, YOUR NOTES, AND THE EXHIBITS THAT THE COURT HAS ADMITTED INTO EVIDENCE. UPON RETIRING TO THE JURY ROOM, YOU SHOULD FIRST SELECT ONE OF YOUR NUMBER TO ACT AS YOUR FOREMAN WHO WILL PRESIDE OVER YOUR DELIBERATIONS AND WILL BE YOUR SPOKESMAN HERE IN COURT. A JURY INTERROGATORY AND VERDICT FORM HAVE BEEN PREPARED FOR YOUR CONVENIENCE.

[WE WILL GO OVER THOSE FORMS IN JUST A MINUTE.]

IF YOU RECESS DURING YOUR DELIBERATIONS, FOLLOW ALL OF THE INSTRUCTIONS THAT I HAVE GIVEN YOU CONCERNING YOUR CONDUCT DURING THE TRIAL.

YOU WILL TAKE A COPY OF THESE INSTRUCTIONS, THE EVIDENCE BOOKS, YOUR NOTEBOOKS, AND THE INDIVIDUAL INTERROGATORY AND VERDICT FORMS WITH YOU TO THE JURY ROOM. WHEN YOU HAVE REACHED UNANIMOUS AGREEMENT AS TO YOUR VERDICT ON EACH OF THE PLAINTIFFS, YOUR FOREMAN SHOULD FILL IT IN, DATE AND SIGN IT, AND THEN RETURN TO THE COURTROOM.

IF DURING YOUR DELIBERATIONS, YOU SHOULD DESIRE TO COMMUNICATE WITH THE COURT, PLEASE REDUCE YOUR MESSAGE OR QUESTION TO WRITING SIGNED BY THE FOREMAN, AND PASS THE NOTE TO THE COURT SECURITY OFFICER WHO WILL BRING IT TO MY ATTENTION. I WILL THEN RESPOND AS PROMPTLY AS POSSIBLE, EITHER IN WRITING OR BY HAVING YOU RETURNED TO THE COURTROOM SO THAT I CAN ADDRESS YOU ORALLY. I WILL ALWAYS DISCUSS YOUR QUESTION AND MY RESPONSE WITH THE LAWYERS BEFORE RESPONDING. I CAUTION YOU, HOWEVER, WITH REGARD TO ANY MESSAGE OR QUESTION YOU MIGHT SEND, THAT YOU SHOULD NEVER STATE OR SPECIFY YOUR NUMERICAL DIVISION ON ANY QUESTION.

AFTER YOU HAVE REACHED A VERDICT, YOU ARE NOT REQUIRED TO TALK WITH ANYONE ABOUT THE CASE UNLESS I ORDER YOU TO DO SO.