RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE _____ 
BY _____

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

---

ELGIE ABNER, ET AL.                     CIVIL ACTION NO. 03-0765

versus

KANSAS CITY SOUTHERN RAILWAY            JUDGE TOM STAGG
COMPANY

---

## ORDER

Before the court is a four-part motion in limine filed by the plaintiffs which

seeks to exclude the defendant, Kansas City Southern Railway Company ("KCS"),

from introducing evidence regarding: (1) the plaintiffs' earnings, (2) KCS's sexual

harassment and general equal employment opportunity policies, (3) other mechanical

department employees not party to this lawsuit, and (4) any other evidence that was

not disclosed in discovery or supplemented pursuant to Federal Rule of Civil

Procedure 26. See Record Document 170.

The plaintiffs' first request seeks to preclude KCS from introducing evidence

of the plaintiffs' earnings at KCS, arguing that said evidence is both irrelevant and

prejudicial. On the contrary, KCS argues that the plaintiffs' earnings are relevant

because they help to inform the jury of the totality of the work environment at KCS. This court agrees that the issue of earnings is relevant and provides an important backdrop for the claims being pursued by the plaintiffs. Accordingly, the plaintiffs' request to exclude evidence of their earnings is **DENIED.**

The plaintiffs' second request seeks to prevent KCS from introducing evidence of its sexual harassment and equal employment opportunity policies. The plaintiffs cite Walker v. Thompson, 214 F.3d 615, 626-27 (5th Cir. 2000), in support of their argument, contending that Walker determined that "neither a general equal employment opportunity statement or a sexual harassment policy address [sic] racial harassment in the workplace and therefore do not support an affirmative defense in a racial hostile work environment case." Record Document 170 at 2-3. However, an examination of Walker reveals the plaintiffs' mischaracterization of its holding. Walker entailed a review of a district court's grant of summary judgment in favor of an employer in a racial hostile work environment case. Because the employer had no policy or complaint procedure specifically addressing racial harassment, the court in Walker concluded that the employees had presented a genuine issue of material fact regarding whether the employer had exercised reasonable care to prevent racially harassing conduct. However, even though Walker ultimately determined that the employer could not qualify for an affirmative defense- a finding based

primarily on the specific facts of the case and not based solely on the absence of a racial harassment policy- it did not address whether evidence of the employer's other anti-harassment policies could be employed at trial.

Nevertheless, the dispute here stems from an allegedly racially hostile environment, and this court finds that evidence of sexual harassment policies is irrelevant and will only mislead and confuse the jury. However, the same cannot be said of KCS's general equal employment opportunity policies, which are relevant to the instant dispute. Accordingly, the plaintiffs' request to exclude evidence of KCS's sexual harassment policies is **GRANTED**, but the request to exclude evidence of KCS's general equal employment opportunity policies is **DENIED**.

The plaintiffs' third request seeks to preclude KCS from introducing evidence regarding the number of mechanical department employees who have not filed suit against KCS. However, if KCS is allowed to introduce the aforesaid evidence, the plaintiffs request that they be allowed to call their "me too" witnesses to rebut KCS's implications that the eight plaintiffs in the instant matter are the only ones complaining of a racially hostile work environment. In order to expedite the trial, the plaintiffs previously agreed not to call their "me too" witnesses. However, if KCS is permitted to introduce evidence regarding the number of mechanical department employees who have not joined this suit or filed suit independently, this

court believes that the plaintiffs should be permitted to call their "me too" witnesses to attempt to rebut KCS's implications. The calling of "me too" witnesses will only result in prolonging the trial, and this court does not desire to open the door to lengthy and duplicative testimony. Accordingly, the plaintiffs' request to preclude KCS from introducing evidence regarding the number of mechanical department employees who have not filed suit is **GRANTED.**

The plaintiffs' final request seeks to preclude KCS from introducing evidence and/or documents that were not provided in discovery or supplemented pursuant to Federal Rule of Civil Procedure 26. This request lacks specificity and the questioned evidence will be judged on an item-by-item basis during trial. Therefore, this request is **DENIED.**

Accordingly, the plaintiffs' motion in limine (Record Document 170) is **GRANTED in part and DENIED in part** as outlined above.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 27th day of March, 2006.

JUDGE TOM STAGG