RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 4-7-06
BY

# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

| | |
|---|---|
| ELGIE ABNER, ET AL. | CIVIL ACTION NO. 03-0765 |
| versus | JUDGE TOM STAGG |
| KANSAS CITY SOUTHERN RAILWAY COMPANY | |

## ORDER

Before the court is an oral motion by plaintiffs' counsel to award the plaintiffs nominal damages. Counsel correctly noted that binding precedent compels this court to award nominal damages to the plaintiffs because the jury found a violation of plaintiffs' constitutional rights. Indeed, Carey v. Piphus, 435 U.S. 247, 266, 98 S. Ct. 1042, 1044-45 (1978), makes clear that a court must "award nominal damages when a plaintiff establishes the violation of his [constitutional] right . . . but cannot prove actual injury." Farrar v. Hobby, 506 U.S. 103, 112, 113 S. Ct. 566, 573 (1992); see also Patterson v. P.H.P. Healthcare Corp, 90 F.3d 927, 941 (5th Cir. 1996) (holding that a plaintiff bringing claims under Title VII and 42 U.S.C. § 1981 was entitled to nominal damages even though she failed to set forth proof of actual injury). Accordingly;

**IT IS ORDERED** that the plaintiffs' motion for nominal damages is **GRANTED**. The plaintiffs are hereby awarded $1.00 each in nominal damages. The judgment entered on this matter will reflect the award of nominal damages accordingly.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 7th day of April, 2006.

JUDGE TOM STAGG