RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 5/12/06
BY DM

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

ELGIE ABNER, ET AL.

versus

KANSAS CITY SOUTHERN RAILWAY COMPANY

CIVIL ACTION NO. 03-0765
JUDGE TOM STAGG

## MEMORANDUM ORDER

Before the court is a "Renewed Motion For Judgment As A Matter Of Law And Alternative Motion For A New Trial" filed by the defendant, Kansas City Southern Railway Company ("KCS"). See Record Document 214. KCS contends that it is entitled to judgment as a matter of law, or alternatively, a new trial, based on a variety of errors allegedly committed by the court during trial.[1] The majority of arguments raised by KCS in this motion were duly considered and addressed

---

[1] The first trial of this matter held in June of 2005 lasted eight days and resulted in a mistrial after the jury was unable to reach a unanimous verdict. The jury in the second trial was presented with the same evidence over the course of nine days, and after careful deliberation, was able to reach a unanimous verdict in favor of the plaintiffs. As stated more fully, infra, this jury perceptively found no compensable injury and only awarded punitive damages.

during trial. The court's position on these rulings has not changed. Therefore, these arguments and their respective rulings will not be revisited here. The remaining arguments set forth in KCS's motion for judgment as a matter of law and motion for a new trial are **DENIED** for the reasons set forth below.

The grant of a Rule 50 motion for judgment as a matter of law is well-founded if there is "no legally sufficient basis for a reasonable jury to find for [a] party on [an] issue" and the claim in question "cannot, under the controlling law, be maintained . . . without a favorable finding on that issue." Fed. R. Civ. P. 50(a). The standard of review for Rule 50 motions is found in <u>Boeing Co. v. Shipman</u>, 411 F.2d 365 (5th Cir. 1969)(en banc):

> [T]he Court should consider all of the evidence–not just that evidence which supports the non-mover's case–but in the light and with all reasonable inferences most favorable to the party opposed to the motion. If the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict, granting [judgment as a matter of law] is proper.

<u>Id.</u> at 374. "If there is substantial evidence to support the verdict, the challenge to it must be denied. . . . 'Substantial evidence' means evidence of such quality and weight that reasonable and fair-minded persons in the exercise of impartial judgment might reach different conclusions; a mere scintilla of evidence is insufficient." <u>Bradley v. Armstrong Rubber Co.</u>, 130 F.3d 168, 174 (5th Cir.1997) (citing

Boeing, 411 F.2d at 374-75).

In addition to a Rule 50 motion, "[a movant] may alternatively request a new trial or join a motion for a new trial under Rule 59." Fed. R. Civ. P. 50(b). However, the standard for granting a Rule 59 motion is less stringent than that necessary to grant a judgment as a matter of law. A new trial may be granted if the court finds that the verdict is against the great weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed. See Smith v. Transworld Drilling Co., 773 F.2d 610, 613 (5th Cir. 1985). A district court has "sound discretion" to grant or deny new trial motions. See Pryor v. Trane Co., 138 F.3d 1024, 1026 (5th Cir. 1998).

In the instant case, KCS first asserts that judgment as a matter of law is proper because the plaintiffs failed to present sufficient evidence of a hostile work environment. Even if the plaintiffs did establish a hostile work environment claim, KCS insists it is entitled to the affirmative defense set forth in Burlington Industries, Inc. v. Ellerth, 524 U.S. 742, 118 S. Ct. 2257 (1998) and Faragher v. City of Boca Raton, 524 U.S. 775, 118 S. Ct. 2275 (1998). However, after being presented with both the facts and relevant legal standards, the jury plainly concluded otherwise. The court thoroughly instructed the jury on both the elements necessary to establish liability for a hostile work environment claim and the elements necessary to establish

the affirmative defense. Furthermore, the jury was clearly instructed that if KCS established the affirmative defense, then it must find for KCS. By returning a verdict in favor of the plaintiffs, the jury conveyed its belief that the plaintiffs set forth sufficient proof of a hostile work environment and that KCS failed to establish the affirmative defense. The court concludes that such a determination is reasonable and is supported by the evidence.

KCS next argues that the jury's punitive damage award entitles it to judgment as a matter of law, or in the alternative, a new trial. Punitive damages are available when an employer acts with malice or reckless or callous indifference to the federally protected rights of an individual. See 42 U.S.C. § 1981a(b)(1); see also Kolstad v. Am. Dental Ass'n, 527 U.S. 526, 536, 119 S. Ct. 2118 (1999). An employer will be liable for the malicious or recklessly or callously indifferent acts of its employee if (1) its agent is employed in a position of managerial capacity and (2) the agent acts within the scope of employment. See Hatley v. Hilton Hotels Corp., 308 F.3d 473, 476-77 (5th Cir. 2002). However, an employer can avoid liability if the agent's actions are contrary to the employer's good faith efforts to comply with the mandates of Title VII. See id.

KCS contends that because the plaintiffs failed to set forth sufficient proof of malice or reckless indifference, a punitive damage jury instruction was

inappropriate. However, by advancing this argument for the first time in its post-trial motion for judgment as a matter of law, KCS failed to comply with the mandates of Federal Rules of Civil Procedure 50 and 51. At the close of the plaintiffs' case, KCS moved for judgment as a matter of law on several grounds, but neglected to raise the issue of punitive damages, failing to address either the sufficiency of the evidence or the appropriateness of such an instruction. At the close of all of the evidence, KCS renewed its previous motion, but again failed to raise the punitive damages issue. Next, during the charge conference, KCS was specifically asked whether it objected to the jury instructions, and it declined the opportunity to object to the punitive damages instruction. Finally, after the jury was instructed, this court held a sidebar conference during which KCS was again asked whether it had any objections to the jury instructions. KCS once more failed to challenge the instruction on punitive damages.

Instead, KCS now raises this argument for the very first time in its renewed motion for judgment as a matter of law and its motion for a new trial, arguing that the court erred in instructing the jury on punitive damages because the evidence failed to support such an award. However, according to Rule 51, if a party objects to a jury instruction, he must state his objection on the record, distinctly informing the court of the matter objected to and the grounds of the objection before

instructions and final arguments are delivered. See Fed. R. Civ. P. 51(b) and (c). If a party desires to preserve an objection to the jury instructions for post-trial motions or appeal purposes, he must object on the record before the jury begins deliberations. Here, because KCS failed to object and preserve its challenge to the punitive damages jury instruction, the issue is deemed to have been waived. See Schexnayder v. Bonfiglio, 167 Fed. App'x 364, 367 (5th Cir. 2006).

Unfortunately for KCS, the requirements posed by Rule 50 also remain unsatisfied. Even if the punitive damages jury instruction itself had not yet been raised at the time when KCS made its Rule 50 motions for judgment as a matter of law, KCS was indisputably on notice that the plaintiffs here were seeking punitive damages. See id. KCS knew this was a Title VII case and that punitive damages are a permissible remedy under the statute. See id. More importantly, prior to trial, KCS submitted its own proposed jury instruction on punitive damages. Despite the fact that KCS was on notice that punitive damages were an issue in this trial, neither of its Rule 50 motions addressed the sufficiency of the evidence to support punitive damages. "It is well-settled in this circuit that a motion for judgment as a matter of law filed post verdict cannot assert a ground that was not included in the motion for judgment as a matter of law made at the close of the evidence." Morante v. Am. Gen. Fin. Ctr., 157 F.3d 1006, 1010 (5th Cir. 1998). Thus, "[i]t would be a

constitutionally impermissible re-examination of the jury's verdict for the district court to enter judgment n.o.v. on a ground not raised in the motion for directed verdict." Sulmeyer v. Coca Cola Co., 515 F.2d 835, 846 n. 17 (5th Cir. 1975). Accordingly, because KCS failed to object to the punitive damages jury instruction at the appropriate time and similarly failed to raise its objections to punitive damages in the motions it submitted prior to verdict, this court is precluded from reviewing the issue.

Notwithstanding KCS's failure to satisfy the requirements of Rules 50 and 51, the court notes that the record is not devoid of evidence supporting a punitive damage award, as KCS argues. Quite the opposite, the court instructed the jury on punitive damages only because a reasonable juror could conclude, and in fact *did* conclude, that KCS's actions demonstrated the requisite malice or reckless indifference to the plaintiffs' constitutional rights. The jury's verdict awarding punitive damages and precluding KCS from taking advantage of the good faith defense is proof of the sufficiency of the evidence on this issue. The court determines that the verdict is supported by the evidence.

Finally, KCS argues that the punitive damages award is "unreasonable, unconstitutional, and grossly excessive" and should not be allowed to stand. Record Document 214 at 11. KCS contends that because the jury awarded a total of one

million dollars in punitive damages, but awarded no compensatory damages, the award violates the principles announced in BMW of North America, Inc. v. Gore, 517 U.S. 559, 580-82, 116 S. Ct. 1589, 1601-02 (2003). However, KCS's contention that the punitive award produced a "one million to one ratio between the punitive damage award and the compensatory damage finding" is incorrect. In this case there were eight plaintiffs, and the jury decided eight separate claims. The jury awarded each of the eight plaintiffs punitive damages in the amount of $125,000.00, for a total of one million dollars. However, because the jury found no actual, compensable injury to the plaintiffs, it awarded each plaintiff zero dollars in compensatory damages. After the trial concluded, the court granted the plaintiffs' motion for nominal damages pursuant to Carey v. Piphus, 435 U.S. 247, 266, 98 S. Ct. 1042, 1044-45 (1978), thereby awarding each plaintiff nominal damages of $1.00. Hence, the correct ratio here is 125,000:1.

By relying solely on the ratio of punitive damages to compensatory damages to the exclusion of all other considerations, KCS seemingly argues that any punitive award, other than one for a nominal amount, would prove unreasonable and excessive. However, as explained by the Fifth Circuit Court of Appeals,

> [A]ny punitive damages-to-compensatory damages "ratio analysis" cannot be applied effectively in cases where only nominal damages have been awarded . . . . The Supreme Court has counseled that

> [Gore] does not impose a mathematical formula for constitutional proportionality, but instead only embodies "a general concern of reasonableness." Because actions seeking vindication of constitutional rights are more likely to result only in nominal damages, strict proportionality would defeat the ability to award punitive damages at all.

Williams v. Kaufman County, 352 F.3d 994, 1016 (5th Cir. 2003). Therefore, the simple application of a mathematical ratio cannot and will not control this case. "The size of an award is within the province of the jury, so long as the award is not impermissibly affected by 'passion or prejudice.'" Schexnayder, 167 Fed. App'x at 367. "It would be improper to speculate about the nature of the jury deliberations, especially in light of the fact that there was no reason to suspect that the jury acted out of passion or prejudice." Id. (quoting Green v. Adm'rs of Tulane Educ. Fund, 284 F.3d 642, 660-61 (5th Cir. 2002)). In the instant matter, the court was unable to observe that either passion or prejudice was a factor in the jury reaching a verdict in favor of the plaintiffs.

The court determines that the jury award is reasonable in light of the persistent violations that took place and the lengthy span of time over which they occurred. Accordingly;

**IT IS ORDERED** that the defendant's renewed motion for judgment as a matter of law and motion for a new trial (Record Document 214) is hereby **DENIED**.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 12th day of May, 2006.

_____
JUDGE TOM STAGG