UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE   6 / 20 / 08
BY   DM

ELGIE ABNER, ET AL.

versus

KANSAS CITY SOUTHERN RAILWAY
COMPANY

CIVIL ACTION NO. 03-0765
JUDGE TOM STAGG

## MEMORANDUM RULING

Before the court is a remand from the Fifth Circuit Court of Appeals, instructing this court to determine the appropriate amount of appellate fees due the plaintiffs regarding the unsuccessful appeal of a jury verdict in the plaintiffs' favor by the defendant. See Record Document 255. Having reviewed the motion, the opposition thereto, and the applicable law, the court finds that an award in the amount of $35,506.67 constitutes reasonable appellate attorney's fees and costs.

## I. BACKGROUND

On April 6, 2006, a jury returned a verdict against Kansas City Southern Railway Company ("KCS") in favor of the plaintiffs on a hostile work environment claim, awarding each of the eight plaintiffs $125,000.00 in punitive damages.[1] On April 7,

---

[1] The jury verdict occurred in the second trial on this matter. The first trial, held in June of 2005, lasted eight days and resulted in a mistrial after the jury

2006, this court awarded each plaintiff $1.00 in nominal damages pursuant to Carey v. Piphus, 435 U.S. 247, 266, 98 S. Ct. 1042, 1044-45 (1978). See Record Document 182. Also on April 7, 2006, this court entered a final judgment in accordance with both the jury verdict and this court's nominal damages ruling. See Record Document 183. KCS appealed the judgment against it and the Fifth Circuit affirmed. See Record Document 254.

## II. LAW AND ANALYSIS

### A.    The Legal Standard For Fixing Attorneys' Fees.

The plaintiffs are entitled to reasonable attorney's fees as the prevailing party on appeal. KCS does not argue otherwise, and, in fact, does not dispute appellees' costs or hourly rate for the work performed on appeal. Rather, KCS challenges the number of hours the plaintiffs' attorney expended on the appeal. See Record Documents 257 and 262.

In order to calculate the proper amount of attorney's fees to be awarded, district courts use the lodestar method. See Migis v. Pearle Vision, Inc., 135 F.3d

---

was unable to reach a unanimous verdict. The jury in the second trial was presented with the same evidence over the course of nine days, and after careful deliberation, was able to reach a unanimous verdict in favor of the plaintiffs. The jury perceptively found no actual, compensable injury to the plaintiffs, and awarded each plaintiff zero dollars in compensatory damages. However, it did award $125,000.00 in punitive damages to each plaintiff.

1041, 1047 (5th Cir. 1998). Under the lodestar method, the court determines the reasonable number of hours expended and the reasonable hourly rates for the participating attorneys. See id. These two figures are multiplied together to arrive at the lodestar. See id. The Fifth Circuit Court of Appeals has stressed that the lodestar is presumptively reasonable and should be adjusted upward or downward only in exceptional circumstances, see Watkins v. Fordice, 7 F.3d 453, 457 (5th Cir. 1993), and only if an analysis of the twelve factors set forth in Johnson v. Ga. Highway Express, 488 F.2d 714, 717-19 (5th Cir. 1974), so warrants. The twelve Johnson factors are as follows: 1) the time and labor required for the litigation; 2) the novelty and complexity of the issues; 3) the skill required to properly litigate the issues; 4) whether the attorney had to refuse other work to litigate the case; 5) the attorney's customary fee; 6) whether the fee is fixed or contingent; 7) whether the client or case circumstances imposed any time constraints; 8) the amount involved and the results obtained; 9) the experience, reputation, and ability of the attorney; 10) whether the case was "undesirable"; 11) the type of attorney-client relationship and whether that relationship was long-standing; and 12) awards made in similar cases. See Johnson, 488 F.2d at 717-19.

**B.  Billing Judgment.**

The party requesting an award of attorney's fees bears the burden of

3

demonstrating the reasonableness of the hours billed and must prove that billing judgment was exercised. See Saizan v. Delta Concrete Prods. Co., 448 F.3d 795, 799 (5th Cir. 2006). "Billing judgment requires documentation of hours written off as unproductive, excessive, or redundant." Id. (emphasis added). All "excessive, duplicative, or inadequately documented" time should be eliminated from an attorney's fee award. Watkins, 7 F.3d at 457. "The hours surviving this vetting process are those reasonably expended on the litigation." Id.; see also Alberti v. Klevenhagen, 896 F.2d 927, 930 (5th Cir. 1990) ("Ideally, billing judgment is reflected in the fee application, showing not only hours claimed, but also hours written off."); Leroy v. City of Houston, 831 F.2d 576, 585 (5th Cir. 1987) (explaining that billing records that lack explanatory details are unacceptable). "The proper remedy when there is no evidence of billing judgment is to reduce the hours awarded by a percentage intended to substitute for the exercise of billing judgment." Walker v. U.S. Dep't of Housing & Urban Dev., 99 F.3d 761, 770 (5th Cir. 1996).

In the instant case, the plaintiffs failed to carry their burden of proving that their attorney exercised billing judgment. For example, the attorney summarily states that "counsel for Plaintiff only submitted hours for those relevant sections of the testimony relevant to the specific acts cited by defendant to support the hostile

work environment claim." Record Document 261 at 3. Plaintiffs' counsel further asserts that he "has not billed for cases that were reviewed but not used in the brief on behalf of Appellees." Id. at 6. Further, in support of his motion for fees, plaintiffs' counsel contends that "[w]hile claiming 41.25 hours for the drafting of Appellee's brief, counsel has restricted those hours to arguments as submitted in the final draft. That is, various editions of these arguments have not been claimed in the Fee Petition." Id. at 6-7. In short, the billing records contain no indication of the hours the attorney wrote off as redundant, unproductive, or excessive during the appellate process. Accordingly, a downward adjustment of ten percent is warranted to account for billing judgment.

**C.     Calculation Of The Lodestar.**

The plaintiffs seek an award of $43,787.50 in appellate attorney's fees, which reflects approximately 175.15 hours at $250 per hour for their attorney. In order to determine whether the time was reasonably spent, the court must review the time records and "exclude all time that is excessive, duplicative or inadequately documented." Hensley v. Eckerhart, 461 U.S. 424, 431, 103 S.Ct. 1933, 1939 (1983).

**1. Reasonable Hourly Rate.**

KCS does not dispute the hourly rate for the plaintiffs' attorney. When a

requested hourly rate is not contested, "it is prima facie reasonable." La. Power & Light Co. v. Kellstrom, 50 F.3d 319, 328 (5th Cir. 1995). There is no basis for the court to conclude that the rate requested is excessive or requires a reduction. Therefore, the hourly rate submitted by the plaintiffs' attorney is deemed reasonable and should be awarded.

### 2. Hours Reasonably Expended.

The court must now determine the reasonable number of hours that the plaintiffs' attorney expended on the appeal. Based on the billing reports submitted for the court's review, there are entries that the court finds troublesome.

As will be delineated below, certain time entries supplied by the plaintiffs' attorney strike the court as duplicative, excessive, vague, or inadequately documented such that the court is unable to determine if the time alleged was indeed "reasonable." For instance, in an undated entry, the plaintiffs' attorney claims 57 hours for performing legal research--25.75 hours on legal research in response to KCS's appellate brief and 31.25 hours on legal research in preparation of the appellees' brief. In support of the large amount of time for legal research in response to KCS's brief, the plaintiffs' attorney merely lists case names that were used in KCS's Table of Authorities for its appellate brief. While the court does not doubt the necessity of the time spent preparing for appeal and researching such, it

is impossible to judge the reasonableness of the time expended from such an ambiguous description. The billing records contain other similarly vague and unsupported entries.

While the court firmly believes that long hours are necessarily spent preparing to defend the appeal of a discrimination trial, it cannot judge the reasonableness of the time expended with descriptions as scant as those provided by plaintiffs' counsel. The court does not intend to engage in a line-by-line recitation of every hour worked by the plaintiffs' attorney. It does note for the record, however, that ambiguity and vagueness are present in the attorney's submissions. Attorneys cannot be rewarded for failing to comply with basic billing requirements. Accordingly, based on the aforementioned concerns, another five percent reduction is warranted.

In accordance with the above findings, the court calculates the lodestar as follows:

| | |
|---|---|
| Plaintiffs' Requested Fee Award | $43,787.50 |
| Ten Percent Reduction For Billing Judgment And Five Percent Reduction For Vague And Inadequately Documented Entries (For A Total 15% Reduction) | x    15%  (6,568.13) |
| **Lodestar** | **$37, 219.37** |

7

### D. Upward Or Downward Adjustment Of The Lodestar.

Having calculated the lodestar amount as $37,219.37, the court now considers the twelve Johnson factors to determine whether an adjustment is warranted. There is a strong presumption that the lodestar is reasonable. See Walker, 99 F.3d at 771. Taking into account the Johnson factors, the court declines to adjust the lodestar amount.

### E. Costs.

The plaintiffs seek an award of $476.67 for attorney-related costs represented in out-of-pocket expenses incurred during the course of this appeal. KCS does not oppose this request and the court finds this to be an appropriate amount.

### III. CONCLUSION

Applying the standards set forth above, the court finds that an award of attorneys' fees in the amount of $37,219.37 and a costs award of $476.67, for a total award of $37,694.04 is both reasonable and appropriate in this case.

An order consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 20th day of June, 2008.

_____
JUDGE TOM STAGG